IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

**No. 19-1732**

———————

**WAYNE PRATER,**

**Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al*.**

———————

**BRIEF FOR *AMICUS CURIAE*
COMMONWEALTH OF PENNSYLVANIA**

———————

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ENTERED FEBRUARY 28, 2019

MICHELLE A. HENRY
*Acting Attorney General*

BY:    SEAN A. KIRKPATRICK
*Senior Deputy Attorney General*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-2331
FAX:   (717) 772-4526

J. BART DELONE
*Chief Deputy Attorney General*
*Chief, Appellate Litigation Section*

DATE: February 9, 2023

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

INTERESTS OF *AMICUS CURIAE* ....................................................1

STATEMENT OF JURISDICTION...................................................2

STATEMENT OF ISSUES ..............................................................3

STATEMENT OF THE CASE...........................................................4

STATEMENT OF FACTS ................................................................7

STATEMENT OF RELATED CASES ................................................9

SUMMARY OF ARGUMENT ........................................................10

ARGUMENT ...............................................................................13

I.   THE MAGISTRATE JUDGE LACKED JURISDICTION TO DISMISS THE
     COMPLAINT OR DENY THE *IN FORMA PAUPERIS* MOTION, BUT THE
     JUDGE DID POSSESS JURISDICTION TO ORDER PRATER TO FILE A NEW
     COMPLAINT IN COMPLIANCE WITH THE FEDERAL RULES................13

     A.   The Magistrate Judge Lacked Jurisdiction to Dismiss the
          Complaint Because the Parties Did Not Consent to That
          Jurisdiction. ...........................................................14

     B.   The Magistrate Judge Lacked Jurisdiction to Deny Prater's *In
          Forma Pauperis* Motion.............................................15

     C.   The Magistrate Judge Possessed Authority to Order Prater to
          Comply with Federal Rule of Civil Procedure 20..............18

II.  WHILE THIS COURT LACKS STATUTORY JURISDICTION UNDER SECTION
     636(C)(3), IT POSSESSES SUPERVISORY APPELLATE AUTHORITY TO
     VACATE AND REMAND. .................................................19

A.    Section 636(c)(3) Does Not Provide this Court with Appellate Jurisdiction to Review an Order by a Magistrate Judge Where the Requirements of Section 636(c)(1) Are Not Satisfied. ...............................20

B.    This Court Possesses Supervisory Appellate Authority to Vacate and Remand the Matter. ........................................................................24

C.    Prater's Request that this Court Use its Supervisory Authority to Review the District Court's Local Rules is Premature...............................26

III.   ASSUMING THE MAGISTRATE JUDGE POSSESSED JURISDICTION, HE DID NOT ABUSE HIS DISCRETION IN FINDING THAT, BY WAITING OVER TWO YEARS TO FILE HIS COMPLAINT, PRATER FAILED TO DEMONSTRATE AN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. .........27

CONCLUSION .................................................................31

CERTIFICATE OF COUNSEL ............................................32

CERTIFICATE OF SERVICE .............................................33

## TABLE OF AUTHORITIES

**Cases**                                                          **Page**

*Abdul-Akbar v. McKelvie,*
  239 F.3d 307 (3d Cir. 2001) (*en banc*) ....................... 6, 28, 30

*Andrews v. Cervantes,*
  493 F.3d 1047 (9th Cir. 2007) ...............................................29

*Borelli v. City of Reading,*
  532 F.2d 950 (3d Cir. 1976).................................................18

*Brown v. Johnson,*
  387 F.3d 1344 (11th Cir. 2004) ...........................................29

*Burton v. Schamp,*
  25 F.4th 198 (3d Cir. 2022) ....................................... *passim*

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541(1949)............................................................16

*Dewey v. Volkswagen Aktiengesellschaft,*
  681 F.3d 170 (3d Cir. 2012)............................. 10, 19, 20, 22

*Ellison v. Am. Bd. of Orthopaedic Surgery,*
  11 F.4th 200 (3d Cir. 2021) ......................................... 22, 23

*Equal Employment Opportunity Comm'n v. City of Long Branch,*
  866 F.3d 93 (3d Cir. 2017)..................................................17

*Hall v. United States,*
  44 F.4th 218 (4th Cir. 2022) ...............................................29

*Holland v. N.J. Dep't of Corr.,*
  246 F.3d 267 (3d Cir. 2001)................................................23

*Hunter v. Roventini,*
  617 F. App'x 225 (4th Cir. 2015) .......................................16

*Ibrahim v. D.C.,*
  463 F.3d 3 (D.C. Cir. 2006)................................................29

*In re Alton Brown*,
    409 Fed. Appx. 591 (3d Cir. 2011)........................................................24

*Jones v. Zimmerman*,
    752 F.2d 76 (3d Cir. 1985)...................................................................27

*Lewis v. Sullivan*,
    279 F.3d 526 (7th Cir. 2002) ......................................................... 12, 28

*Lister v. Dep't of the Treasury*,
    408 F.3d 1309 (10th Cir. 2005) ...........................................................16

*McAlphin v. Toney*,
    281 F.3d 709 (8th Cir. 2002) ...............................................................29

*O. Hommel Co. v. Ferro Corp.*,
    659 F.2d 340 (3d Cir. 1981)................................................................22

*O'Hanlon v. Uber Techs., Inc.*,
    990 F.3d 757 (3d Cir. 2021).................................................................27

*Pardini v. Allegheny Intermediate Unit*,
    524 F.3d 419 (3d Cir. 2008).................................................................23

*Prater v. City of Philadelphia Family Court*,
    2:13-cv-3423 (E.D. Pa. Oct. 12, 2013), *aff'd* 569 Fed. Appx. 76 (3d Cir. 2014)
    (*per curiam*) ......................................................................................5

*Prater v. Wetzel*,
    2:14-cv-3395 (E.D. Pa. May 27, 2015), *aff'd No.* 15-2433, 2015 WL 8020801
    (3d Cir. Dec. 7, 2015) (*per curiam* summary affirmance)....................................5

*Redmond v. Gill*,
    352 F.3d 801 (3d Cir. 2003).................................................................18

*Roberts v. United States Dist. Court*,
    339 U.S. 844 (1950)...........................................................................16

*Roell v. Withrow*,
    538 U.S. 580 (2003)...........................................................................14

*Sinwell v. Shapp*,
    536 F.2d 15 (3d Cir. 1976)...................................................................16

iv

*Sowell v. Butcher & Singer, Inc.*,
   926 F.2d 289 (3d Cir. 1991)...................................................................26

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)............................................................................19

*Stickney v. Wilt*,
   90 U.S. 150 (1874) ..................................................................... 11, 25

*Thomas v. Arn*,
   474 U.S. 140 (1985)..........................................................................24

*Tripati v. Rison*,
   847 F.2d 548 (9th Cir. 1988) ............................................................16

*Tucker v. Union LLC.*,
   No. 22-1180, 2022 WL 3044672 (3d Cir. June 1, 2022)........................ 20, 23, 26

*Tucker v. Union LLC.*,
   2:21-cv-01215 (E.D. Pa.) ..................................................................23

*United States v. Bazzano*,
   712 F.2d 826 (3d Cir. 1983)..............................................................24

*United States v. Vonn*,
   535 U.S. 55 (2002)............................................................................15

*United States v. Wecht*,
   484 F.3d 194 (3d Cir. 2007)..............................................................24

*Vandiver v. Prison Health Servs., Inc.*,
   727 F.3d 580 (6th Cir. 2013) ............................................................29

*Vaughan v. Albion-SCI, et al.*,
   20-2897 (3d Cir.)................................................................................9

*Vaughn v. Correctional officer Imohoff, et al.*,
   20-2254 (3d Cir.)................................................................................9

*Walling v. James V. Reuter, Inc.*,
   321 U.S. 671 (1944) ..................................................................... 11, 25

*Woods v. Dahlberg*,
 894 F.2d 187 (6th Cir. 1990) .......................................................... 16, 17

**Statutes**

26 U.S.C. § 636(b) .......................................................... *passim*

26 U.S.C. § 636(c) .......................................................... *passim*

28 U.S.C. § 1291 ........................................................................22

28 U.S.C. § 1331 ..........................................................................2

28 U.S.C. § 1343 ..........................................................................2

28 U.S.C. § 1915 ...................................................... 1, 3, 5, 6, 27

42 U.S.C. § 1983 ........................................................................1, 2

**Rules**

Federal Rule of Civil Procedure 20 ....................................................6, 18

Federal Rule of Civil Procedure 72 ....................................................17

**Treatises**

Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts*
 107–08 (2012) ....................................................................15

## INTERESTS OF *AMICUS CURIAE*

This prisoner civil rights action brought against the Pennsylvania Department of Corrections and 31 prison employees was dismissed prior to service of process by a magistrate judge. Given this procedural posture, this Court invited the Commonwealth of Pennsylvania, through its Attorney General, to participate by way of special appearance. J.A. 7 (6/9/22 order). The Commonwealth, acting as *amicus curiae*, respectfully submits this brief in response to that invitation. *Ibid*.

The Attorney General furnishes legal advice and representation to the Commonwealth of Pennsylvania in civil matters pursuant to Section 204 of the Commonwealth Attorneys Act. *See* 71 P.S. § 273-204. There are 24 state correctional institutions in Pennsylvania. And the Attorney General ordinarily represents the Department of Corrections and its employees when sued under 42 U.S.C. § 1983. Thus, the Attorney General has a unique perspective on the importance of the magistrate system  and a special interest in the proper application of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The Attorney General respectfully files this brief in order to assist the Court in resolving this matter.

# STATEMENT OF JURISDICTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, over which the district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. As not all parties consented to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1), the Magistrate Judge lacked jurisdiction to enter judgment below. *See Burton v. Schamp*, 25 F.4th 198, 210 (3d Cir. 2022).

As explained more fully in the argument section, this Court lacks statutory jurisdiction over this appeal under 28 U.S.C. § 636(c)(3) because the Magistrate Judge lacked jurisdiction to enter a final order under 28 U.S.C. § 636(c)(1). Nevertheless, this Court possesses supervisory appellate authority to vacate and remand the matter to the District Court, should this Court choose to do so.

The Magistrate Judge's order was entered on February 28, 2019, and the notice of appeal was filed on April 1, 2019.

# STATEMENT OF ISSUES

Per the Court's September 6, 2022 order, the parties were directed to address the following issues:

I.  Whether the Magistrate Judge had authority to dismiss the complaint under 28 U.S.C. § 636(c)(1)?

II. If not, whether this Court should dismiss this appeal for lack of jurisdiction?

III. Assuming that the Magistrate Judge did have authority under § 636(c)(1) to dismiss the complaint . . . , whether the Magistrate Judge erred in dismissing the complaint for failure to prosecute/failure to pay the fees after determining that Appellant was not eligible for *in forma pauperis* status under the three strikes rule, 28 U.S.C. § 1915(g)?

## STATEMENT OF THE CASE

This case involves a civil rights action brought *pro se* by an inmate against the Pennsylvania Department of Corrections and 31 prison employees. Appellant, plaintiff below, is Wayne Prater, who is currently incarcerated at SCI-Huntingdon. Prater's claims, however, arise from 2016 when he was incarcerated at SCI-Houtzdale. J.A. 24-29 (complaint). Prater was still housed at SCI-Houtzdale in 2019 when he filed his complaint. J.A. 9-11 (docket).

Appellees, unserved defendants below, are the Pennsylvania Department of Corrections (DOC) and 31 SCI-Houtzdale and DOC employees (collectively "the DOC"). The Commonwealth, acting through its Attorney General, is an *amicus curiae* by special invitation of this Court. J.A. 7 (6/9/22 order). Also acting as *amicus curiae* by special invitation is the University of Virginia School of Law, who supports Prater.

Prater filed his complaint in the United States District Court for the Western District of Pennsylvania on February 7, 2019, as an attachment to a motion for leave to proceed *in forma pauperis*. J.A. 11 (docket). Attached to his complaint were numerous prison records, marked "Exhibits," related to the allegations in his pleading. J.A. 31-178 (exhibits). Prater attempted to raise claims under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution for being given a misconduct when he violated an order not to contact his estranged

wife, and separately, for the medical treatment he received after hurting his right Achilles tendon. J.A. 22, 24-28. Prater sought millions of dollars in damages. J.A. 30.

The day after Prater filed his complaint, and prior to service of the complaint on the defendants, Magistrate Judge Pesto denied the motion. J.A. 11-12 (docket). In his order, the Magistrate Judge stated that the case was "a consent case under 28 U.S.C. § 636(c)(1)[,]" though the record contains no indication that Prater consented to the judge's jurisdiction. J.A. 3.

The Magistrate Judge found that Prater had at least three "strikes" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Specifically, the Magistrate Judge noted that *Prater v. City of Philadelphia Family Court*, 2:13-cv-3423 (E.D. Pa. Oct. 12, 2013), *aff'd* 569 Fed. Appx. 76, 77 (3d Cir. 2014) (*per curiam*), and *Prater v. Wetzel*, 2:14-cv-3395 (E.D. Pa. May 27, 2015), *aff'd No.* 15-2433, 2015 WL 8020801 (3d Cir. Dec. 7, 2015) (*per curiam* summary affirmance), counted as four strikes under the PLRA. J.A. 3 (order). Because of these four strikes, Prater could not proceed *in forma pauperis* absent allegations that, at the time of filing the complaint, he was in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*). Prater failed that hurdle. J.A. 4.

Additionally, the Magistrate Judge determined that Prater's complaint was in violation of Federal Rule of Civil Procedure 20(a)(2), as it "attempts to present in one complaint two distinct claims based on sets of facts that have only plaintiff as their common thread[.]" J.A. 4-5. Accordingly, the Magistrate Judge ordered Prater to pay the full filing fee of either one or two complaints, depending upon which claims he sought to prosecute. J.A. 5.

Twenty-days later, the Magistrate Judge dismissed the complaint without prejudice due to Prater's failure to pay the filing fee, and ordered the Clerk of Court to close the matter. J.A. 6 (2/28/19 order).

This appeal followed.

**STATEMENT OF FACTS**

According to his Complaint, while incarcerated at SCI-Houtzdale in May 2016, Prater was ordered by Captain Shea to cease communications with his children and their mother. J.A. 24, 34. Prater objected to this order, stating that he had a court order allowing for communication with his children. J.A. 24. The court order stated that "telephone contact between Father and the two younger children may occur at Mother's discretion," and that "Mother may continue to edit and/or intercept correspondence from Father to the children." J.A. 36-37.

In June 2016, the mother of his children contacted the prison and complained about Prater contacting her. J.A. 52. Because Prater violated Captain Shea's order, Lieutenant Mooney issued a misconduct against him. J.A. 24, 52. Prater was found guilty of violating prison rules by Hearing Examiner Nunez. J.A. 25, 60.

Separately, Prater alleges that on July 27, 2016, he tore his right Achilles tendon while attempting to get into bed. J.A. 25. In August, the scheduled surgery for that injury was canceled when he engaged in an argument with Physician's Assistant Barnes and Lieutenant James over whether Prater could shower before surgery. J.A. 26.

Prater was then scheduled for surgery in September 2016. J.A. 27. However, that surgery needed to be canceled when Prater ate despite being instructed not to prior to his surgery. J.A. 27, 136, 141. Prater had been seen by medical personnel

prior to his second appointment to specifically discuss the surgical procedure. J.A. 116.

Prater received surgery on his tendon on October 31, 2016. J.A. 159. Prater alleges that, after his surgery, he was given pain medication by Nurse Elizabeth Jury to which he was allergic. J.A. 27. The documents attached to his complaint show that he was given Motrin 600mg three times daily, the medication prescribed by his physicians. J.A. 159, 164. The only two medication allergies listed in his medical files were Clindamycin and Codeine, neither of which he was given. J.A. 159. Nevertheless, Prater was moved to the infirmary the next day and given Percocet for three days (Nov. 1-3, 2016). *Ibid.*

Prater complains that, after he fell in his cell, Nurse Rich only examined him through the cell door, instead of coming into the cell. J.A. 27. Prater also filed a grievance complaining about the cleanliness of his cell, J.A. 28, though prison officials noted that the cell had been cleaned prior to Prater being placed in it and Prater never asked for his cell to be cleaned J.A. 154.

Prater alleges that on December 10, 2016, he slipped on a snowy walkway. J.A. 28. Prater was seen by medical that same day and again two days later. J.A. 171. Prater alleges that, eight days thereafter, he slipped on a wet floor. J.A. 28. Prater was again seen by medical the same day. J.A. 171.

More than two years later, Prater filed his complaint. J.A. 11.

## STATEMENT OF RELATED CASES

This case has not previously been before the Court. It is consolidated with *Vaughan v. Albion-SCI, et al.*, 20-2897 (3d Cir.) and *Vaughn v. Correctional officer Imohoff, et al.*, 20-2254 (3d Cir.).

## SUMMARY OF ARGUMENT

1.     The Federal Magistrates Act grants magistrate judges two forms of jurisdiction in civil matters: (1) jurisdiction to decide non-dispositive pretrial matters upon designation by the district court, 26 U.S.C. § 636(b); and (2) full Article III jurisdiction to conduct all proceedings upon consent of the parties, *id.* § 636(c). Here, because the Magistrate Judge dismissed the complaint prior to service, he lacked the consent—either express or implied—of any defendant. The only jurisdiction he could have possessed was over non-dispositive matters under Section 636(b).

Therefore, the Magistrate Judge lacked jurisdiction to dismiss Prater's complaint. And the Commonwealth agrees with the reasoning of the majority of circuit courts that a magistrate judge cannot deny a motion to proceed *in forma pauperis* under his or her Section 636(b) authority, as such motions are immediately appealable. The Magistrate Judge could, however, order Prater to refile his complaint in conformity with the federal rules. That non-final, non-dispositive order fell within the Magistrate Judge's Section 636(b) authority.

2.     This Court has repeatedly held that where the requirements of Section 636(c)(1) are not satisfied, this Court lacks jurisdiction under Section 636(c)(3). *See Dewy v. Volkswagen Aktiengesellschaft,* 681 F.3d 170 (3d Cir. 2012); *Burton v. Schamp*, 25 F.4th 198 (3d Cir. 2022). Prater ignores this precedent and misreads Section 636(c)(3) in arguing that the jurisdiction of the magistrate judge is

immaterial to this Court's appellate jurisdiction. Under Section 636(c), a case is "referred" to a magistrate judge only by consent of the parties. And when, as here, a magistrate judge lacks consent of the parties, that judge lacks jurisdiction to enter judgment under Section 636(c)(1) and this Court lacks jurisdiction to hear an appeal of that judgment under Section 636(c)(3).

But even without statutory jurisdiction, this Court nevertheless possesses longstanding supervisory appellate authority to vacate a magistrate judge's invalid order and remand the matter to the district court. *See Stickney v. Wilt*, 90 U.S. 150 (1874); *Walling v. James V. Reuter, Inc.*, 321 U.S. 671 (1944). It was this authority that enabled this Court to vacate the magistrate judge's order in *Burton* despite finding that this Court lacked appellate jurisdiction over the magistrate judge's orders.

Although this Court undoubtedly possesses the supervisory authority to review a district court's procedures, that supervisory authority should not be invoked lightly. This Court should decline Prater's request to review the Western District's rules and procedures, as that extraordinary request is premature.

3.    Both Prater and the Commonwealth agree that the Magistrate Judge did not possesses jurisdiction under Section 636(c)(1) to dismiss the complaint. Therefore, this Court should simply vacate and remand, not delve into the merits of Prater's motion. Nevertheless, the Magistrate Judge did not abuse his discretion in

denying Prater *in forma pauperis* status under the PLRA's three-strike rule. Prater concedes that he has three PLRA strikes and, therefore, may only proceed *in forma pauperis* if he faces imminent danger of serious physical injury. The "imminent danger" exception is only available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

After Prater injured his Achilles tendon, he concedes that he received immediate medical treatment and, thereafter, surgery to correct the tear. And the exhibits he attached to his pleading show that, in response to every medical complaint, prison staff ensured that he was seen by medical staff. More critically, all of Prater's allegations arise from events that occurred in late 2016. Yet, Prater did not file his civil action until early 2019, over two years later. Both the timing of his complaint and the exhibits Prater attached to his complaint demonstrate that no danger is imminent.

# ARGUMENT

## I. THE MAGISTRATE JUDGE LACKED JURISDICTION TO DISMISS THE COMPLAINT OR DENY THE *IN FORMA PAUPERIS* MOTION, BUT THE JUDGE DID POSSESS JURISDICTION TO ORDER PRATER TO FILE A NEW COMPLAINT IN COMPLIANCE WITH THE FEDERAL RULES.

*Standard of review:* This court reviews *de novo* whether a magistrate judge had authority to enter final orders. *Burton v. Schamp*, 25 F.4th 198, 205 n.9 (3d Cir. 2022).

Magistrate judges serve an important role in the efficient functioning of district courts. A magistrate judge's authority, however, is limited. The Federal Magistrates Act permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for a list of dispositive motions, including "for failure to state a claim . . . and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A); *see also*, Fed.R.Civ.P. 72(a) (establishing procedure for when a magistrate judge hears a "pretrial matter not dispositive of a party's claim or defense . . ."). In order to exercise full Article III jurisdiction to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," a magistrate judge must have "the consent of the parties . . . ." 28 U.S.C. § 636(c)(1).

The Magistrate Judge below issued two orders under appeal: (1) the February 8, 2019 order denying Prater *in forma pauperis* status and finding Prater's complaint violated Federal Rule of Civil Procedure 20(a)(2) (concerning permissive joinder of

defendants) (J.A. 5); and (2) the February 28, 2019 order dismissing the case without prejudice for failure to pay the filing fee (J.A. 6). Amicus supporting Prater (hereafter referred to as simply "Prater") conflates these two orders into a single amalgam. This is unhelpful in analyzing the Magistrate Judge's authority. We will instead examine each order separately, starting with the order dismissing the case.

A. **The Magistrate Judge Lacked Jurisdiction to Dismiss the Complaint Because the Parties Did Not Consent to That Jurisdiction.**

The Magistrate Judge lacked jurisdiction to dismiss the complaint under the facts of this case. Recently, this Court held that a magistrate judge's jurisdiction to dismiss a complaint for failure to state a claim requires the consent of "at least one party from each side of the 'v.' . . . ." *Burton*, 25 F.4th at 208 (adopting the interpretation of Section 636(c) from sister circuit courts). While consent can be implied by the parties' or their counsels' actions, *Roell v. Withrow*, 538 U.S. 580, 588-590 (2003), at minimum "the litigant or counsel [must be] made aware of the need for consent and the right to refuse it[.]" *Burton*, 25 F.4th. at 210 (emphasis omitted). That notice cannot occur, and therefore consent cannot be given, where a magistrate judge dismisses a complaint prior to service on *any* defendant. *Id.* at 210-212.

The Magistrate Judge here did not obtain consent from at least one party from each side prior to dismissing Prater's complaint. None of the defendants were

notified of the case prior to its dismissal, and, therefore, could not have consented to the Magistrate Judge's jurisdiction. More fundamentally, the docket does not demonstrate that even Prater consented to the Magistrate Judge's jurisdiction. Accordingly, under *Burton*, the Magistrate Judge clearly did not have jurisdiction to dismiss the complaint for failure to prosecute. That order should have been a report and recommendation for the District Court's review.

**B.    The Magistrate Judge Lacked Jurisdiction to Deny Prater's *In Forma Pauperis* Motion.**

The Magistrate Judge's jurisdiction to deny Prater *in forma pauperis* status is less clear. Even without consent of the parties, a magistrate judge's jurisdiction to "hear and determine any pretrial matter pending before the [district] court" is broad, limited only by certain specific exclusions. 28 U.S.C. § 636(b)(1)(A). The list of matters excluded from a magistrate judge's broadly stated power to hear and determine does not include motions to proceed *in forma pauperis*. *Ibid.* And the Negative-Implication Canon instructs that when Congress creates a list without indicating that the list is nonexclusive—for example by using the verb "to include"—Congress intended to exclude any like item not listed. *See United States v. Vonn*, 535 U.S. 55, 65 (2002) ("expressing one item of [an] associated group or series excludes another left unmentioned"); Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts* 107–08 (2012) ("Negative-Implication Canon[:] The expression of one thing implies the exclusion of others

15

(*expressio unius est exclusio alterius*)"). By not including "motions to proceed *in forma pauperis*" in the list of excluded motions, it can be argued that Congress intended for magistrate justices to hear such motions under Section 636(b). *See Johnson v. Parker*, 119 F.3d 4 (5th Cir. 1997) ("Because the denial of a motion for IFP is not a matter excepted under 28 U.S.C. § 636(b)(1)(A), the magistrate judge did not lack authority to enter such an order").

However, other Courts of Appeals have held that a magistrate judge's denial of *in forma pauperis* status is dispositive in nature, and therefore, requires either adoption by the district court or consent of the parties. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005); *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990); *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988); *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished *per curiam* opinion).

These circuit court opinions rely upon the United States Supreme Court's holding that a denial of a motion to proceed *in forma pauperis* is an immediately appealable order under the collateral order doctrine—also known as the *Cohen* doctrine. *See Roberts v. United States Dist. Court*, 339 U.S. 844, 845 (1950) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541(1949)); *Sinwell v. Shapp*, 536 F.2d 15, 16 (3d Cir. 1976) (citing *Roberts*). Because of this, the Sixth Circuit concluded that "a denial of such a motion is the functional equivalent of an

involuntary dismissal and is outside the scope of a magistrate's authority." *Woods*, 894 F.2d at 187.

Although this Court has yet to rule on this issue, the Commonwealth agrees with the reasoning of the majority of circuit courts. Section 636(b)(1)(A) of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) provide that, to preserve any objection, a party must object to a magistrate judge's ruling on a nondispositive matter to the district court. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). A party's failure to object to a magistrate judge's ruling on a non-dispositive motion waives any objection for purpose of an appeal to this Court. *See Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017); Fed.R.Civ.P. 72(a). Therefore, the fact that a denial of motion to proceed *in forma pauperis* is immediately appealable to this Court strongly suggests that such an order is not the type of non-dispositive orders requiring the filing of objections to the district court. Otherwise, an inmate would have to simultaneously file objections to the district court *and* file an appeal to this Court, which would lack appellate jurisdiction over the matter until the district court ruled.

A denial of a motion to proceed *in forma pauperis* does not appear to be the type of nondispositive pretrial matters that falls under a magistrate judge's jurisdiction in Section 636(b) of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A).

### C.    The Magistrate Judge Possessed Authority to Order Prater to Comply with Federal Rule of Civil Procedure 20.

Conversely, the Magistrate Judge's determination that Prater's complaint violated Federal Rule of Civil Procedure 20(a)(2) comfortably fell within the scope of his authority under Section 636(b). Prater presents no argument that this part of the February 8, 2019 order was invalid. *See* Br. at 19-20. And for good reason. This ruling by the Magistrate Judge was not dispositive or final: the order did not dismiss the case or rule on the merits of those claims. Rather, it allowed Prater to cure the defect by filing two separate complaints. J.A. 4-5. And this Court has long held that an order permitting a plaintiff to cure the defect in his pleading is "neither final nor appealable." *Redmond v. Gill*, 352 F.3d 801, 803 (3d Cir. 2003) (citing *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976)).

Magistrate judges serve an important and vital role in the functioning of our federal courts. Even without the consent of the parties, they can be designated by a district judge under Section 636(b) to rule on a large variety of pretrial matters, including ensuring that a complaint complies with the federal rules. Here, ordering Prater to fix his deficient complaint fell within the Magistrate Judge's authority under Section 636(b).

## II.    WHILE THIS COURT LACKS STATUTORY JURISDICTION UNDER SECTION 636(C)(3), IT POSSESSES SUPERVISORY APPELLATE AUTHORITY TO VACATE AND REMAND.

*Standard of review:* This court's "jurisdiction is contingent upon the Magistrate Judge's lawful exercise of his jurisdiction," an issue this Court reviews *de novo. Burton*, 25 F.4th at 205 n.9.

It is well-established that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Having determined that the Magistrate Judge lacked jurisdiction to enter judgment, the question becomes whether this Court possesses jurisdiction over this appeal. J.A. 8. At first blush, it would appear that this Court has already definitively answered this question.

In *Dewey v. Volkswagen Aktiengesellschaft*, this Court explained that:

> The failure to satisfy the requirements of § 636(c)(1) deprives the magistrate judge of jurisdiction over the case. Similarly, **where the requirements of § 636(c)(1) are not satisfied, we lack jurisdiction under § 636(c)(3)**, and the parties must appeal directly to the district court that referred the case pursuant to the procedures outlined in 28 U.S.C. § 636(b)(1).

681 F.3d 170, 180 (3d Cir. 2012) (emphasis added, citations omitted). Citing this decision, this Court in *Burton* reaffirmed that principle: "If the requirements of

Section 636(c)(1) are not satisfied, the magistrate judge is deprived of jurisdiction over the case and [this Court is] statutorily deprived of appellate jurisdiction over the magistrate judge's orders." 25 F.4th at 205 (cleaned up) (citing *Dewey,* 681 F.3d at 180). Based on these holdings, this Court recently—albeit in an unpublished decision—dismissed an appeal for lack of jurisdiction where the magistrate judge entered a final order without the consent of the parties. *Tucker v. Union LLC.*, No. 22-1180, 2022 WL 3044672 (3d Cir. June 1, 2022).

And yet, despite the above language and binding precedent, this Court in *Burton* nevertheless vacated the magistrate judge's judgment and remanded the case back to the district court, instead of dismissing the appeal for want of appellate jurisdiction. *Id.* at 212. We are left to square this circle.

Prater proposes two answers. He first argues that Section 636(c) provides this Court with appellate jurisdiction. Br. 36. Alternatively, he argues that this Court may vacate and remand under its supervisory appellate authority. Br. at 38. The first argument ignores binding precedent and misconstrues the plain text of Section 636(c). The alternative argument is the proper approach.

### A. Section 636(c)(3) Does Not Provide this Court with Appellate Jurisdiction to Review an Order by a Magistrate Judge Where the Requirements of Section 636(c)(1) Are Not Satisfied.

Prater hangs much of its argument that this Court possesses appellate jurisdiction under Section 636(c)(3) upon the word "referred." Br. 36. According to

20

Prater, the ultimate jurisdiction of the magistrate judge is immaterial to this Court's appellate jurisdiction so long as the case was "referred" to the magistrate judge below. *Ibid*. This reading, however, incorrectly conflates Subsections (c) and (b).

Section 636(c)(3) provides that "[u]pon entry of judgment in any case *referred under paragraph (1) of this subsection*, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(1) (emphasis added). Paragraph 1 of this subsection, in turn, provides that "[u]pon the *consent of the parties*, a full-time United States Magistrate judge . . . may conduct any or all proceeding in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c)(1) (emphasis added).

The referral in this text is not a referral of the case to the magistrate judge by the district court, which occurs under Subsection (b)(1). 28 U.S.C. § 636(b)(1)(a). Rather, the referral of the case under Subsection (c)(1) occurs only upon the "consent of the parties," a precondition absent here. 28 U.S.C. § 636(c)(1). While the district court *designates* which magistrate judges may exercise party consent jurisdiction, the *referral* of a specific case to that magistrate judge comes from the parties themselves. 28 U.S.C. § 636(c)(1).

The very next sentence in Subsection (c)(3) makes this point: "The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under

paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 636(c)(3). The consent of the parties, not the district court, grant the magistrate judge jurisdiction to issue dispositive final orders.

But even if this Court were inclined to adopt Prater's interpretation of Section 636(c)(1), respectfully, this panel cannot overturn an earlier panel's holding. *See O. Hommel Co. v. Ferro Corp.*, 659 F.2d 340, 354 (3d Cir. 1981) (citing Third Circuit Internal Operating Procedures to explain that "a panel of this court cannot overrule a prior panel precedent"). This Court already held in *Dewey* and *Burton* that if the requirements of Section 636(c)(1) are not satisfied, this Court "lack[s] jurisdiction under § 636(c)(3)." *Dewey*, 681 F.3d at 180; *see Burton*, 25 F.4th at 205. This precedent is binding.

Prater relies on *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 204 (3d Cir. 2021), for the principle that "it is common practice that when a district court lacks jurisdiction to enter a judgment the court of appeal may exercise jurisdiction over the appeal in order to reverse and direct dismissal." Br. at 37. But in that case, this Court possessed jurisdiction over the district court's final order under 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). As discussed above,

because the Magistrate Judge lacked consent to operate as the District Court, there was no final decisions of a district court. This case is inapposite.

Further, even if *Ellison* could be read as inconsistent with *Dewey* and *Burton*, it cannot overturn a prior panel decision. "[T]his Circuit has long held that if its cases conflict, the earlier is the controlling authority and the latter is ineffective as precedents." *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 426 (3d Cir. 2008) (citation omitted). *See also*, *Holland v. N.J. Dep't of Corr.*, 246 F.3d 267, 278 n.8 (3d Cir. 2001) ("[T]o the extent that [a panel decision] is read to be inconsistent with earlier case law, the earlier case law . . . controls").

Prater also argues that a holding that this Court lacks jurisdiction under Section 636(c)(3) would "create a jurisdictional black hole" that would raise "serious constitutional concerns." Br. at 37. This hyperbole is unhelpful. This Court did not violate the constitutional rights of the appellant in *Tucker* when it dismissed the appeal for want of appellate jurisdiction after concluding that the magistrate judge lacked jurisdiction under Section 636(c)(1). 2022 WL 3044672 (3d Cir. June 1, 2022). And this Court's denial of that appeal did not leave the appellant, Leora Tucker, with no recourse. She raised the issue of the magistrate judge's lack of jurisdiction in the district court, which asked for briefing. *Tucker v. Union LLC.*, 2:21-cv-01215, dkt. 85-86 (E.D. Pa.). District court judges seek to ensure justice

23

with the same dedication as this Court; for Prater to suggest otherwise unfairly maligns those jurists.

Finally, even if the district court were not to act, a litigant in Prater's position could force action through a petition for writ of mandamus. *See e.g.*, *In re Alton Brown*, 409 Fed. Appx. 591, 592 (3d Cir. 2011). No jurisdictional black hole exists.

As this Court has already repeatedly held, where a magistrate judge lacked jurisdiction to enter an order under Section 636(c)(1), this Court lacks appellate jurisdiction under Section 636(c)(3). Therefore, the Court must find its jurisdiction elsewhere. Here, it can be found in this Court's supervisory appellate authority.

### B.    This Court Possesses Supervisory Appellate Authority to Vacate and Remand the Matter.

It is axiomatic that this Court possesses supervisory authority over the district courts in the circuit. *See United States v. Wecht*, 484 F.3d 194, 204 (3d Cir. 2007), as amended (July 2, 2007) (listing examples where this Court exercised its supervisory authority over the district courts). This authority is generally invoked to "promulgate rules of practice and procedure for the better administration of the judicial process." *United States v. Bazzano*, 712 F.2d 826, 843 (3d Cir. 1983); *Thomas v. Arn*, 474 U.S. 140, 146–47 (1985) (courts of appeals are authorized to "mandate procedures deemed desirable from the viewpoint of sound judicial practice although in nowise commanded by statute or by the Constitution" (internal quotation marks omitted)). But this supervisory authority also provides this Court with the

discretionary power to vacate certain district court orders even in the absence of appellate jurisdiction.

Long ago, the Supreme Court recognized that, although "[c]ases wrongly brought up [on appeal] . . . should, as a general rule, be dismissed by the appellate tribunal, [] a necessary exception exists to that rule where the consequence of a decree of dismissal [of the appeal] will be to give full effect to an irregular and erroneous decree of the subordinate court in a case where the decree is entered without jurisdiction, and in violation of any legal or constitutional right." *Stickney v. Wilt*, 90 U.S. 150, 162 (1874). Therefore, "where for any reason the [appellate court] may not properly proceed with a case brought to it on appeal, or where for any reason it is without power to proceed with the appeal, it may nevertheless, in the exercise of its supervisory appellate power, make such disposition of the case as justice requires." *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 676 (1944). Applicable here, if this Court "is without jurisdiction to decide an appeal which should have been prosecuted to another court, [this Court] may vacate the judgment and remand the cause in order to enable the court below to enter a new judgment from which a proper appeal may be taken." *Id.* at 677.

The Commonwealth agrees with Prater that this Court possesses supervisory appellate authority to vacate the Magistrate Judge's final order and remand the case back to the District Court. It was this authority that enabled this Court to vacate the

25

magistrate judge's order in *Burton* despite finding that this Court lacked "appellate jurisdiction over the magistrate judge's orders." 25 F.4th at 205. And because evoking this authority is discretionary, this Court did not err in choosing to dismiss the appeal in *Tucker* despite finding that the magistrate judge lacked jurisdiction to enter judgment. 2022 WL 3044672, *1. The Court's jurisdiction is secure in its supervisory appellate authority, not Section 636(c)(3).

### C. Prater's Request that this Court Use its Supervisory Authority to Review the District Court's Local Rules is Premature.

This Court should decline Prater's request to review the Western District's rules and procedures. Although this Court undoubtedly possesses the supervisory authority to review a district court's procedures, that "supervisory authority should not be invoked lightly[.]" *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 295 (3d Cir. 1991). This Court issued the *Burton* decision only last year, and Prater proffers no examples of Western District judges intentionally ignoring that decision.

While this Court sits in review of decisions by district judges, rewriting a district court's local rules for it, as Prater suggests, should occur only as a last resort. We are not there yet. Prater's request is premature.

**III.   ASSUMING THE MAGISTRATE JUDGE POSSESSED JURISDICTION, HE DID NOT ABUSE HIS DISCRETION IN FINDING THAT, BY WAITING OVER TWO YEARS TO FILE HIS COMPLAINT, PRATER FAILED TO DEMONSTRATE AN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY.**

*Standard of review:* This Court reviews the denial of leave to proceed *in forma pauperis* for abuse of discretion. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985).

Both Prater and the Commonwealth agree that the Magistrate Judge did not possesses jurisdiction under 28 U.S.C. § 636(c)(1) to dismiss the complaint. Therefore, this Court should simply vacate the judgment and remand for the Magistrate Judge to modify his orders into a report and recommendation. When exercising its supervisory authority to vacate a judgment for lack of jurisdiction by a magistrate judge, this Court does not venture into the merits of the controversy. *See*, *e.g.*, *Burton*, 25 F.4th at 211 (remanding case without addressing merits of the dismissal). After all, the District Court did not have an opportunity to rule on the issues and this Court is a "court of review, not of first view[.]" *O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 763 n.3 (3d Cir. 2021) (cleaned up).

Notwithstanding the above, the Magistrate Judge did not abuse his discretion in denying Prater's *in forma pauperis* request under the three-strike rule. Prater concedes that "[he] has three PLRA 'strikes'" and, therefore, may only proceed *in forma pauperis* if he faces imminent danger of serious physical injury. Br. at 42; 28 U.S.C. § 1915(g). The purpose of the three-strike rule is to deny the *in forma*

*pauperis* privilege to prisoners—like Prater—who have shown a propensity to "abuse[] the judicial system by filing frivolous actions." *Abdul-Akbar*, 239 F.3d at 312. And in demonstrating imminent danger, Prater cannot rely upon allegations of improper medical treatment or poor prison conditions in the past; the requisite imminent danger must exist at the time the complaint was filed. *Ibid*.

Prater argues that imminent danger can be implied by allegations of two past surgery delays and two falls within the prison, all of which occurred over two years prior to the filing of the complaint. Br. at 42. This argument misconstrues the definitions of both "imminent" and "danger." The "imminent danger" exception is only available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). That is not the case here. Congress created the three strike rule to prevent litigiously malicious inmates from abusing the federal court system. *Abdul-Akbar*, 239 F.3d at 312. If those same inmates could overcome the rule by simply piling allegations of past harm into a single complaint, the exception would swallow the rule.

Prater alleges that he injured his right Achilles tendon while attempting to get into bed in July 2016. J.A. 25, ¶ 7. He concedes that he was immediately taken to emergency medical treatment for his injury. *Ibid.* And the documents Prater attached to his complaint show that, although two planned surgeries were cancelled, surgery on his tendon was performed in October 2016. J.A. 159. Those same documents also

show that Prater was given the medications prescribed by his physicians, none of which were known to cause him an allergic reaction. J.A. 159, 164. Thereafter, in November 2016, Prater was moved to the infirmary and given additional medication to address his medical complaints. J.A. 159. Likewise, after he slipped on the walkway on December 10th, he was seen by medical that same day and again two days later. J.A. 171. When he slipped again in the housing unit, he was again seen by medical the same day. *Ibid.* Prater's allegations of a denial of medical treatment is belied by the very documents he attached to his complaint.

Prater cites to sister circuit cases in support of his argument. Br. at 43. However, in each of the cited cases, the inmate alleged an ongoing denial of medical treatment, not simply complaints about past treatments. *See Hall v. United States*, 44 F.4th 218, 227 (4th Cir. 2022) (ongoing denial of needed medical appointments); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013) (ongoing denial of medical treatment); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (ongoing risk of exposure to HIV and hepatitis C); *Ibrahim v. D.C.*, 463 F.3d 3, 6 (D.C. Cir. 2006) (ongoing refusal to treat illness); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ("Brown alleges a total withdrawal of treatment for serious diseases[.]"); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002) (two tooth extractions originally scheduled have not yet occurred). Prater does not allege that he requires, but is being denied, any medical treatment. And the records he

attached to his complaint demonstrate that Prater received medical treatment for each of his injuries and complaints, even if he was unsatisfied with that treatment.

Moreover and more critically, all of the alleged incidents of his injuries occurred in late 2016. Yet, Prater did not file his civil action until early 2019, over two years later. The exception to the three strike rule is designed to address "imminent danger" being suffered at the time of the complaint, not alleged harm occurring years before. *See Abdul-Akbar*, 239 F.3d at 312. His decision to wait over two years to file his complaint fatally undercuts any allegation of imminent harm.

The Magistrate Judge did not abuse his discretion in deciding that Prater was not in imminent harm of serious physical injury.

# CONCLUSION

For these reasons, the Court should vacate the Magistrate Judge's February 28, 2019 order and remand the case for the Magistrate Judge to modify his orders into a report and recommendation.

Respectfully submitted,

MICHELLE A. HENRY
Acting Attorney General

By:    */s/ Sean A. Kirkpatrick*

SEAN A. KIRKPATRICK
Senior Deputy Attorney General
Bar No. 92960 (Pa.)

J. BART DeLONE
Chief Deputy Attorney General
Chief, Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-2331
FAX:   (717) 772-4526

DATE: February 9, 2023

## CERTIFICATE OF COUNSEL

I, Sean A. Kirkpatrick, Senior Deputy Attorney General, hereby certify as follows:

1. That I am a member of the bar of this Court.

2. That the text of the electronic version of this brief is identical to the text of the paper copies.

3. That a virus detection program was run on the file and no virus was detected.

4. That this brief contains 6,495 words within the meaning of Fed. R. App. Proc. 29(a)(5), 32(a)(7)(B). In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.

*/s/ Sean A. Kirkpatrick*

SEAN A. KIRKPATRICK
Senior Deputy Attorney General

# CERTIFICATE OF SERVICE

I, Sean A. Kirkpatrick, Senior Deputy Attorney General, do hereby certify

that I have this day served the foregoing Brief For Amicus Curiae Commonwealth

Of Pennsylvania on the following:

Via Electronic Service
James S. Ballenger, Esq.
UNIVERSITY OF VIRGINIA SCHOOL OF LAW
(*Counsel for Court Appointed Amicus Curiae*)

Via U.S. First-Class Mail[1]
Wayne Prater
#KV-1019
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654

Seven copies were also sent by first class mail to the Clerk of the United States

Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

*/s/ Sean A. Kirkpatrick*
SEAN A. KIRKPATRICK
Senior Deputy Attorney General

DATE: February 9, 2023

---

[1]    Pursuant to the 2018 change to the Department of Corrections' mail procedures, all mail—except mail from an inmate's attorney or from a court—must be processed through a vendor in Florida. That vendor, in turn, delivers the mail to the inmates in a safe and secure manner. I have, therefore, served the inmate listed above via U.S First Class mail through the DOC's Inmate Mail System at P.O. Box 33028, St. Petersburg, FL 33733.